SCHWARTZ PERRY & HELLER LLP

3 PARK AVENUE, 27TH FL. NEW YORK, NY 10016
T: 212.889.6565 | F: 212.779.8208 | SPHLEGAL.COM

November 12, 2021

**VIA ECF**

The Honorable Mary Kay Vyskocil
United States District Judge
United States District Court, Southern District of New York
500 Pearl Street, Room 2260
New York, New York 10007

Re: *Lois Herrera, Jaye Murray and Laura Feijoo v.*
*New York City Department of Education and Richard Carranza*
*Docket #: 21-CV-07555- MKV*

Dear Judge Vyskocil:

We represent Plaintiffs Lois Herrera, Jaye Murray and Laura Feijoo in the above-referenced matter. We submit this status letter jointly with Defendants New York City Department of Education and Richard Carranza (collectively "DOE" or "Defendants") (collectively, the "Parties") in accordance with the Court's Order of October 8, 2021, in advance of the initial pretrial conference scheduled for November 19, 2021 at 12PM, along with the requested Case Management Plan ("CMP). The parties believe this case presents some complexities because there are three plaintiffs and have provided for dates in the CMP that are about two weeks greater than the standard deadlines.

**1. A brief statement of the nature of the case, the principal claims and defenses, and the major legal and factual issues that are most important to resolving the case:**

**Plaintiff:** Plaintiffs instituted litigation against Defendants for race and gender discrimination in violation of the New York City Human Rights Law in Supreme Court, New York County on May 28, 2021.[1] On August 12, 2021, Plaintiffs filed a second Amended Complaint to include claims against Defendants under the Civil Rights Act of 1871, 42 U.S.C. §1983 for race and gender discrimination (8-13th causes of action). In sum, Plaintiffs contend that in or about April 2018 when Defendant Richard Carranza ("Carranza") became the Chancellor of the New York City Department of Education ("DOE"), Carranza and other senior DOE sought to "disrupt, dismantle and change" a system that they perceived as being systemically racist by increasing the number of high-ranking employees of color in the DOE, hoping that in doing so they would make the DOE more representative of its students of color. Contrary to the DOE's stated goal of fostering a more equitable and inclusive workplace, Carranza's policies led to the exact type of discrimination that he was seeking to address. Instead of evaluating employees based on their abilities and experience, the DOE enacted a policy of removing long-standing, senior Caucasian

[1] The Complaint was amended to add additional facts on September 19, 2021.

employees, such as the Plaintiffs and replacing them with employees of color. Although the employees of color often had far less experience or demonstrated ability, they were given positions to fit the racial structure that the DOE desired. Plaintiffs were demoted and sidelined and left without genuine job responsibilities while their position were awarded to less experienced and unqualified persons of color.

**Defendant:** Defendants' defenses are as follows: (1) plaintiffs' complaint is barred, in whole or in part, by plaintiffs' failure to perform all the conditions precedent to suit; (2) all or part of plaintiffs' claims are barred by the applicable statutes of limitations; (3) all of defendants' employment decisions and actions concerning the plaintiffs were based on legitimate, nondiscriminatory business considerations; (4) plaintiffs' damages may be barred in whole or part by the failure to mitigate; and (5) defendant Carranza is entitled to qualified immunity.

**2. A brief statement by the plaintiff, or by the defendant in removed cases, as to the basis of subject matter jurisdiction and venue, and a brief statement by each other party as to the presence or absence of subject matter jurisdiction and venue:**

**Defendant:** This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 over plaintiffs' claims arising under 42 U.S.C. §1983. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over plaintiffs' claims arising under New York City Human Rights Law. Venue is proper pursuant to 28 U.S.C. §1391(b) in that Plaintiffs' claims arose in the Southern District of New York.

**Plaintiff:** This Court has subject matter jurisdiction based on the above statement by Defendant.

**3. A statement of procedural posture, including**

**(a) a brief description of any (i) motions that have been made and decided, (ii) motions that any party seeks or intends to file, including the principal legal and other rounds in support of and opposition to the motion, (iii) pending motions, and (iv) other applications that are expected to be made at the status conference.**

**(b) a brief description of any discovery that has already taken place and a brief description of any discovery that the parties intend to take in the future; and**

**(c) a statement describing the status of any settlement discussions and whether the parties would like a settlement conference.**

**Response:**

(a) Plaintiff does not presently anticipate filing any motions, other than a discovery motion if the need arises. Defendants may file a motion for summary judgment at the conclusion of discovery.

(b) The parties have exchanged paper discovery. Specifically, Plaintiffs have produced approximately 1,500 pages in paper discovery and Defendants have produced approximately 2813 pages in paper discovery. Plaintiffs served a second notice to produce documents on October 28, 2021. Defendants have requested and Plaintiff has consented to an extension of time to respond until December 31, 2021 as the assigned counsel for defendants, Bilal Haider, Esq., was assigned this matter on November 1, 2021 and additional time is needed for him to review the previously produced discovery.

(c) Counsel for the parties have spent at least one hour discussing the possibility of settlement. Following the exchange of paper discovery and further discussion with Law Department Counsel, the parties believe further progress can be made with regard to the possibility of settlement and have requested, within the next 60 days, a referral to a Magistrate Judge for a settlement conference.

**4. Any other information the parties believe may assist the Court in resolving the action.**

None at this time.

* * * * * *

We thank the Court for its time and consideration.

Respectfully yours,

DAVIDA S. PERRY

DSP/arp

cc: Bilal Haider, Esq. – via ECF and email