| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK | USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #:_____<br>DATE FILED:  6/15/2022 |
| LOIS HERRERA, et al.,<br><br>                             Plaintiffs,<br><br>-against-<br><br>NEW YORK CITY DEPARTMENT OF<br>EDUCATION and RICHARD CARRANZA,<br><br>                             Defendants. | 1:21-cv-7555-MKV<br><br>ORDER DENYING<br>MOTION TO QUASH |

MARY KAY VYSKOCIL, United States District Judge:

Plaintiffs Lois Herrera, Jaye Murray, and Laura Feijoo bring the above-captioned action against Defendants the New York City Department of Education ("DOE") and Richard Carranza, the former Chancellor of the DOE. Plaintiffs allege that they are "Caucasian wom[e]n" who held high-level positions at the DOE until Defendants implemented a race-based employment policy that caused Plaintiffs to be demoted and "sidelined" in favor of less qualified "colleagues of color" [ECF No. 1-3 ("SAC") ¶¶ 1–11, 21]. After taking a number of depositions, Plaintiffs concluded that former Mayor Bill de Blasio "was intricately involved in establishing this race-based policy" and served him with a subpoena to take his deposition [ECF No. 29 at 1]. Now before the Court is Defendants' motion for an order, pursuant to Rule 45 of the Federal Rules of Civil Procedure, quashing the subpoena served on Mr. de Blasio [ECF Nos. 25, 27, 32].

To depose a high-ranking government official, a party must show that "exceptional circumstances" justify taking the deposition, such as "that the official has unique first-hand knowledge related to the litigated claims or that the necessary information cannot be obtained through other, less burdensome or intrusive means." *Lederman v. New York City Dep't of Parks & Recreation*, 731 F.3d 199, 203 (2d Cir. 2013). The Second Circuit has explained that high-ranking officials are "generally shielded from depositions because they have 'greater duties and

time constraints than other witnesses.'" *Id*. "Although the doctrine applies to former officials, the fact that they are not current high-ranking officials is a factor when considering whether the information can be obtained through less burdensome means and whether the deposition will interfere with the official's government duties." *Sec. & Exch. Comm'n v. Comm. on Ways & Means of the U.S. House of Representatives*, 161 F. Supp. 3d 199, 249 (S.D.N.Y. 2015) (quoting *Moriah v. Bank of China Ltd.*, 72 F.Supp.3d 437, 440 (S.D.N.Y. 2014)).

Plaintiffs adequately show that Mr. de Blasio has "unique first-hand knowledge" related to claims in this case. For purposes of municipal liability under Section 1983, Plaintiffs must show an "official policy" of unconstitutional race-based employment discrimination at the DOE. *See Okin v. Village of Cornwall–On–Hudson Police Dep't*, 577 F.3d 415, 439 (2d Cir. 2009) (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 692 (1978)). During Mr. de Blasio's tenure as mayor, the DOE was under "mayoral control" [ECF No. 28-2 ("Carranza Tr.") at 36:17-18; *accord* ECF No. 28-3 ("Ramirez Tr.") at 21:6]. Mr. Carranza testified at his deposition that Mr. de Blasio was a "micro manager" and that, with respect to "[a]ll of the senior appointments, the mayor wanted to know who these people were." Carranza Tr. at 76:20-21, 83:23. Ursulina Ramirez, the former Chief Operating Office of the DOE, testified that Mr. de Blasio "was very involved in staffing decisions." Ramirez Tr. at 21:12-13. Both Mr. Carranza and Ms. Ramirez also testified that Mr. de Blasio was "very much focused" or "fixated" on "representation" and "diversity." Carranza Tr. at 24:16, 19; Ramirez Tr. at 93:9-10 ("fixated on diversity of candidates"). However, they gave different answers about whether Mr. de Blasio directed that the DOE, specifically, should reflect a certain amount of diversity. *Compare* Carranza Tr. at 24:15 ("No, not in the DOE."), *with* Ramirez Tr. at 42:18-25 ("yes").

Mr. de Blasio plainly has personal knowledge relevant to whether he presided over an official policy of making race-based employment decisions at the DOE. *See New York v. United*

*States Dep't of Com.*, No. 18-cv-2921 (JMF), 2018 WL 5260467, at *1 (S.D.N.Y. Aug. 17, 2018). To be sure, that Mr. de Blasio was the "ultimate decision-maker regarding the alleged policy" is not, itself, sufficient. *See Boggs v. Town of Riverhead*, 2020 WL 1929076, at *3 (E.D.N.Y. Apr. 20, 2020) (citing *Universal Calvary Church v. City of New York*, 1999 WL 350852, at *7 (S.D.N.Y. June 2, 1999)). In this instance, however, other senior DOE officials gave apparently conflicting answers about whether Mr. de Blasio wanted race to be considered in hiring at the DOE. *Compare* Carranza Tr. at 24:15, *with* Ramirez Tr. at 42:18-25. As such, Mr. de Blasio might be able to provide relevant information that cannot be obtained from another source. *See New York v. United States Dep't of Com.*, 2018 WL 5260467, at *1; *Marisol A. v. Giuliani*, No. 95-cv-10533 (RJW), 1998 WL 132810, at *2 (S.D.N.Y. Mar. 23, 1998).

Furthermore, requiring Mr. de Blasio to sit for a single deposition would not interfere with any "greater duties" or otherwise unduly burden him. *Lederman*, 731 F.3d at 203; *see also Pisani v. Westchester Cty. Health Care Corp.*, No. 05-cv-7113 (WCC), 2007 WL 107747, at *2 (S.D.N.Y. Jan. 16, 2007). Mr. de Blasio is "not [a] current high-ranking official[.]" *Sec. & Exch. Comm'n v. Comm. on Ways & Means of the U.S. House of Representatives*, 161 F. Supp. 3d at 249. And Plaintiffs are requesting only three hours of his time [ECF No. 29 at 7]. Accordingly, Defendants' motion to quash is DENIED.

The Court has carefully reviewed the parties' letter about the schedule going forward [ECF No. 36]. IT IS HEREBY ORDERED that Mr. de Blasio shall sit for a three-hour deposition to be completed no later than August 30, 2022. IT IS FURTHER ORDERED that the Post Discovery Conference that was previously scheduled to take place on July 7, 2022 is ADJOURNED to September 15, 2022 at 9:00 a.m. IT IS FURTHER ORDERED that pre-motion submissions for any post-discovery dispositive motions are due on September 8, 2022, in accordance with the Court's Individual Rules of Practice in Civil Cases.

The Clerk of Court is respectfully directed to terminate the motions pending at docket entries 25 and 36.

**SO ORDERED.**

Date:  **June 15, 2022**                               _____  
       **New York, NY**                             **MARY KAY VYSKOCIL**  
                                                      **United States District Judge**