# SCHWARTZ PERRY & HELLER LLP

3 PARK AVENUE, 27TH FL. NEW YORK, NY 10016
T: 212.889.6565 | F: 212.779.8208 | SPHLEGAL.COM

August 29, 2022

**VIA ECF**

Honorable Mary Kay Vyskocil
United States District Court, Southern District of New York
500 Pearl Street, Room 2260
New York, New York 10007

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/30/2022
```

    Re: *Lois Herrera, Jaye Murray and Laura Feijoo v.*
       *New York City Department of Education and Richard Carranza*
       *Docket #: 21-CV-07555- MKV*

Dear Judge Vyskocil:

  We represent Plaintiffs Lois Herrera, Jaye Murray and Laura Feijoo in the above-referenced matter. We submit this letter jointly with counsel for Defendants New York City Department of Education and Richard Carranza (collectively "DOE" or "Defendants") (collectively, the "Parties") in accordance with the Court's Civil Practice Rules ¶32D concerning a discovery dispute that arose following the deposition of former Mayor Bill de Blasio ("de Blasio") that took place today. The parties met and conferred today but the issue addressed herein was not resolved. The parties set forth herein the nature of the dispute, their respective positions and respectfully request an information conference. No prior request for this relief has been made previously.

**Plaintiffs' Position**

  During the deposition of de Blasio, two discrete matters arose for which Plaintiffs believe additional discovery is required. Both of these matters address the policy de Blasio established to make the administration of city agencies "look like" the City of New York, a fact he confirmed at his deposition. This policy caused the City to view race as a factor in employment decisions throughout its agencies, including the DOE, where Plaintiffs were employed.

  The first request involves a series of emails that de Blasio wrote to Police Commissioner James O'Neill in December 2017 regarding the decision to terminate four high ranking NYPD Chiefs in order to replace them with individuals of color. These emails were referenced in the Second Amended Complaint in the case of <u>Joanne Jaffe v. City of New York, et cl</u>, 19-CV-07024 (LAP) (¶34-35). At his deposition today, de Blasio confirmed that these emails existed, though he could not recall exactly what they said.

**SCHWARTZ PERRY & HELLER LLP**

The second document requested involved the Mayor notifying New York City cultural institutions in 2019 that they would not receive City funding unless they increased the diversity of senior leadership and Board members. Plaintiffs have requested any communications sent by the City to the cultural institutions concerning this policy.

Plaintiffs believe that these documents are relevant to showing that under Mayor de Blasio, the City had a policy where race was a consideration in hiring/employment decisions, which is part of establishing Monell liability.

The DOE has refused to provide this information claiming that the information is not relevant and is not proportional to the needs of the case. Plaintiffs believe that information regarding the Mayor's consideration of race in other areas of City employment make it more likely than not that he directed that same race-based policy at the DOE. Plaintiffs also do not believe that the modest production sought is overly burdensome. Accordingly, Plaintiffs respectfully request that the requested documents be produced, at this time.

**Defendants' Position**

Defendants object to Plaintiffs' aforementioned requests on the grounds that these requests (1) seek information not relevant to any party's claim or defense and (2) are not proportional to the needs of the case.

As an initial matter, Plaintiffs brought causes of action under a theory of Monell liability against the DOE and Richard Carranza only. (See Second Amended Verified Complaint, ECF No. 1-3, ¶¶ 156-251.) Specifically, Plaintiffs allege that "DOE and Carranza replaced Plaintiffs with non-Caucasians because of their race" and "DOE, under Carranza's leadership permits, condones, and supports newly appointed supervisors to systemically target their Caucasian colleagues on the basis of their race." (Id., ¶¶ 8, 10.) Notably, Plaintiffs do not bring causes of actions under Monell, or any theory of liability, against the City of New York or former Mayor Bill de Blasio. In fact, Mayor de Blasio is not even referenced in Plaintiffs' entire complaint. (Id.) Thus, since Plaintiffs are alleging a discriminatory policy implemented by DOE under Carranza, Plaintiffs' claim that these documents show that the City had a policy where race was a consideration in hiring/employment decisions demonstrates that these documents are not relevant to Plaintiffs' actual claims. This attempt to raise a new theory of liability against individuals and entities not party to the case on the day before discovery closes should be disregarded by the Court.

Furthermore, the information Plaintiffs are seeking do not involve or concern Defendants DOE or Richard Carranza in any manner. With respect to Plaintiffs' first request, they are seeking information relevant to a separate lawsuit brought by an unrelated plaintiff against the City of New York and Mayor de Blasio concerning employment decisions made within the New York City Police Department ("NYPD"). However, NYPD employment decisions are not at issue in this matter. Similarly, Plaintiffs' second request is without merit because employment decisions within New York City cultural institutions are clearly not relevant to this litigation.

Finally, Plaintiffs questioned Mayor de Blasio about these two topics during today's deposition because these topics were discussed by local media outlets in articles that were publicly

**SCHWARTZ PERRY & HELLER LLP**

available during discovery. If Plaintiffs truly believed this information was relevant, they could have made a formal request during discovery. Mayor de Blasio did not "open the door" to these topics during today's deposition. He simply responded to Plaintiffs' counsel's direct questions about these topics. There is no good-faith basis for seeking these documents on the eve of the close of discovery. Nor is it proportional to the needs of the case. Plaintiffs' request for these documents should thus be denied.

We thank the Court for its time and consideration.

Respectfully yours,

DAVIDA S. PERRY

DSP/arp

cc:   Bilal Haider, Esq. – via ECF and email

---

Plaintiffs' request is DENIED. Plaintiffs represent that Mr. de Blasio "confirmed" that he established a policy to make other City agencies "look like" the City of New York. As such, Plaintiffs can rely on Mr. de Blasio's deposition testimony to argue that "the Mayor's consideration of race in other areas of City employment make it more likely . . . that he directed the same race-based policy at the DOE." At this late stage, the requested production of additional documents in connection with employment decisions at other agencies is not proportional to the needs of this case.

Date: August 30, 2022
New York, New York

Mary Kay Vyskocil
United States District Judge

3